# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN H. ALVIES,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>PAUL SHULTZ,<br><br>　　　　　　Respondent.<br>_____ / | CV F   05-1035 LJO SMS HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

　　　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In the instant petition, Petitioner contends that the Bureau of Prisons ("BOP") failed to provide him with prior custody credits.  (Petition, at 3.)  Petitioner requests prior custody credit be applied to his federal sentence for the period of time he was in the custody of the United States Marshal ("USM") pursuant to a federal writ.  (Petition, at 4.)

## BACKGROUND[1]

　　　　On June 12, 2002, Petitioner robbed a bank in Las Vegas, Nevada.  (Attachment 1, Declaration of Alicia N. Gonzaga, ¶ 4, Respondent's Answer.)  Petitioner was later arrested on unrelated state charges and confined at the Clark County Detention Center in Las Vegas.  (Id.)

　　　　On October 23, 2002, a one count indictment was filed charging Petitioner with bank robbery.  18 U.S.C. § 2113(a); P.S.R., ¶ 1. On October 30, 2002, Petitioner was placed in the temporary custody of the USM pursuant to a federal writ of habeas corpus ad prosequendum.

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's answer.

1

1  (Attachment 1, ¶ 5, Respondent's Answer.)  On that same date, Petitioner made his initial
2  appearance in federal court in the District of Nevada on the bank robbery charges.  P.S.R., ¶ 2.
3       On March 24, 2003, Petitioner pled guilty to the bank robbery charges.  Id. at ¶ 3.
4  Petitioner was sentenced on July 7, 2003, to 70 months imprisonment and three years supervised
5  release.  (Attachment 1, ¶ 7, and Exhibit C, Respondent's Answer.)
6       During the pending federal criminal case, and after his sentence on the bank robbery
7  charges, the Nevada State authorities maintained primary custody of Petitioner until he was
8  paroled from the state charges on January 13, 2004, at which time his federal sentence
9  computation began.  (Attachment 1, ¶ 5, Respondent's Answer.)
10      Petitioner filed the instant federal petition for writ of habeas corpus on August 11, 2005.
11      Respondent filed an opposition to the petition on December 1, 2005.  Petitioner did not
12 file a reply.

DISCUSSION

14 I.    Standard of Review
15      Writ of habeas corpus relief extends to a person in custody under the authority of the
16 United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the
17 validity or constitutionality of his conviction must bring a petition for writ of habeas corpus
18 pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that
19 sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
20 See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of
21 Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th
22 Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  To receive relief under
23 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in
24 an illegal, but not necessarily unconstitutional, manner.  See e.g. Clark v. Floyd, 80 F.3d 371,
25 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward
26 federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a
27 community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in
28 determining whether petitioner could receive credit for time spent in state custody); Brown, 610

F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.  Petitioner is currently in custody of the U.S. Bureau of Prisons at Atwater, California, which is located within the jurisdiction of this Court.  28 U.S.C. § 2254(a); 2241(d).

II.     Exhaustion Administrative Remedies

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies.  Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).  Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id.  If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

The government concedes that Petitioner has exhausted his administrative remedies.

III.    Custody Time Credit Under 18 U.S.C. § 3585(b)

As Respondent states, Petitioner is essentially seeking credit toward his federal sentence for the time he was in federal custody pursuant to the writ ad prosequendum.  (Petition, at 4.)

A federal sentence does not begin to run when a federal defendant is produced from state custody for federal prosecution pursuant to a federal writ of habeas corpus ad prosequendum.  Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir. 1991).  As Respondent submits, although Petitioner was in the physical custody of the USM during the time the federal writ was pending, he was still in the primary custody of the State of Nevada, which had not relinquished its jurisdiction by temporarily surrendering physical custody to the federal government.  Id.; United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980) (discussing priority of custody and service as between state and federal sovereigns).

1    Moreover, as Respondent submits, Petitioner already received credit for his time in
2 temporary federal custody against his state sentence. (Attachment 1, ¶ 7, Respondent's Answer.)
3 As previously stated, subsequent to the robbery on June 12, 2002, Petitioner was arrested by local
4 authorities in Nevada on unrelated state charges. Petitioner was released to federal custody on
5 October 30, 2002, pursuant to a writ of habeas corpus ad prosequendum. The time Petitioner
6 was in the temporary custody of the USM was applied to his state sentence. Id. When Petitioner
7 entered federal custody on January 13, 2004, his state sentence had been completed.

8    Petitioner is not entitled to double credit against his federal sentence, pursuant to 18
9 U.S.C. § 3585(b). Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> (1) as a result of the offense for which the sentence is imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

15 18 U.S.C. § 3585(b) (emphasis added).

16    As pointed out by Respondent, under section 3585(b), a district court does not have
17 authority to award a prisoner credit for time spent in official detention prior to sentencing.
18 Rather, the Attorney General, through the BOP, is responsible for administering the sentence and
19 determining the amount of any pre-sentence credits. United States v. Wilson, 503 U.S. 329, 334-
20 35 (1991); United States v. Chencchini, 967 F.2d 350 (9th Cir. 1992).

21    In Wilson, the Supreme Court reiterated that "a defendant could not receive double credit
22 for his detention time." Wilson, 503 U.S. at 337. As previously stated, Petitioner received credit
23 for his time served in federal custody toward his state sentence. See Thomas v. Brewer, 923 F.2d
24 at 1366-67 (district court did not err in denying writ of habeas corpus, because Attorney General
25 properly determined the date his federal sentence commenced); United States v. Kramer, 12 F.3d
26 130, 132 (8th Cir. 1993) (Bureau of Prisons properly decided not to award double credit for the
27 time served that was already credited toward state sentence).

28    Although when sentencing Petitioner on the bank robbery, the District Court of Nevada

4

1  stated "[t]he defendant is hereby committed to the custody of the United States Bureau of Prisons
2  to be imprisoned for a total term of SEVENTY (70) MONTHS.  CREDIT FOR TIME
3  SERVED." (Id., Exhibit C, p. 2.)  As Respondent correctly argues, this language does not support
4  the finding that Petitioner is entitled to credit for the time he spent in state custody.  Otherwise,
5  the state and federal sentences would have effectively run concurrent, and the district court that
6  sentenced Petitioner has already rejected that position.  Specifically, in denying a habeas petition
7  brought by Petitioner in the District Court of Nevada under 28 U.S.C. § 2255, the district court
8  noted that in the underlying criminal proceedings, "[a] review of the plea memorandum
9  establishes that it does not contain a promise that Petitioner will be sentenced to a specific
10 sentence, nor does it state that his federal sentence will run concurrently with his state sentence."
11 (Attachment 3, p. 4, Respondent's Answer.)  The District Court's notation that Petitioner should
12 get "credit for time served" meant credit for any time served in federal custody.  As already
13 stated, at the time Petitioner was produced in court pursuant to a writ ad prosequendum,
14 Petitioner remained in state custody.  Thomas v. Brewer, 923 F.2d at 1366-67.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.	The instant petition for writ of habeas corpus be DENIED; and
2.	The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

1  Cir. 1991).

4  IT IS SO ORDERED.

5  **Dated:**   **June 21, 2007**                                    /s/ Sandra M. Snyder
                                                              UNITED STATES MAGISTRATE JUDGE